KYMBERLY K. EVANSON

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

AMY SANFORD, individually and on behalf of all others similarly situated,

Plaintiff,

v.

MV PUBLIC TRANSPORTATION, INC., a California corporation,

Defendant.

No. 2:26-cv-03291-KKE

**FIRST AMENDED CLASS ACTION COMPLAINT FOR UNPAID WAGES**

Plaintiff Amy Sanford, by their undersigned counsel, for their first amended class action complaint, filed pursuant to FRCP 15(a)(1) and LCR 15(a), against Defendant MV Public Transportation, Inc., alleges as follows:

/ / /

/ / /

/ / /



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

## I. INTRODUCTION

1.1 Nature of Action. Defendant has engaged in wage and hour abuses against its Washington hourly-paid or non-exempt employees. These abuses include: (1) failing to provide employees with rest breaks to which they are entitled; (2) failing to provide employees with the meal breaks for which they are entitled; (3) failing to pay all minimum wages to employees for all hours worked; (4) failing to pay all overtime wages to employees when they work more than 40 hours in a workweek; and (5) failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by employees. Defendant's deliberate and willful failure to pay their employees their earned wages violates Washington law.

1.2 Plaintiff, and the Class and Seattle subclass members are current and former hourly-paid or non-exempt employees of Defendant who have been victimized by Defendant's unlawful compensation practices. This lawsuit is brought as a class action under state law to recover unpaid wages owed to Plaintiff and those similarly situated.

## II. JURISDICTION AND VENUE

2.1 Jurisdiction. Defendant does business in the State of Washington. Defendant is registered to conduct business in the State of Washington. Defendant has obtained the benefits of the laws of the State of Washington and the Washington retail and labor markets.

2.2 Venue. Venue is proper in the Western District of Washington because this case was properly filed in King County and Defendant removed it therefrom under 28 U.S.C. § 1441(a).

2.3 Governing Law. The claims asserted on behalf of Plaintiff, and the Class and Seattle subclass members in this complaint are brought solely under state law causes of action and are governed exclusively by Washington law.

/ / /

/ / /

/ / /



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

## III. PARTIES

3.1 Plaintiff. Plaintiff is a resident of King County Washington. Defendant hired Plaintiff as an hourly-paid or non-exempt driver out of its Kent location during the relevant time period, from approximately August 16, 2021 to April 8, 2024.

3.2 Defendant. Defendant is a California corporation with its principal place of business in Dallas, Texas.

## IV. CLASS ACTION ALLEGATIONS

4.1 Class Definition. Pursuant to Federal Rule of Civil Procedure Rule 23, Plaintiff brings this case as a class action on behalf of a Class defined as follows:

> All hourly-paid or non-exempt employees of Defendant in the State of Washington at any time from August 11, 2023, to final disposition of this action.

4.2 Seattle Subclass Definition. Pursuant to Federal Rule of Civil Procedure Rule 23, Plaintiff brings this case as a class action on behalf of a subclass defined as follows:

> All hourly-paid or non-exempt employees of Defendant in the State of Washington who worked in the City of Seattle at any time from August 11, 2023, to final disposition of this action.

Excluded from the Class and Seattle subclass are any entity in which Defendant has a controlling interest or which has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

4.3 Numerosity. Defendant has asserted that at least 1,246 people have worked as hourly-paid or non-exempt employees for Defendant in the State of Washington during the relevant time period. See Dkt. 1 ¶ 10.

/ / /

/ / /



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

4.4 Commonality. There are numerous questions of law and fact common to Plaintiff, and the Class and Seattle subclass members. These questions include, but are not limited to, the following:

a. Whether Defendant has engaged in a common course of failing to provide Plaintiff, and the Class and Seattle subclass members with a ten-minute rest break for every four hours of work;

b. Whether Defendant has engaged in a common course of requiring Plaintiff, and the Class and Seattle subclass members to work more than three consecutive hours without a rest break;

c. Whether Defendant has engaged in a common course of failing to ensure that Plaintiff, and the Class and Seattle subclass members have received the rest breaks to which they are entitled;

d. Whether Defendant has engaged in a common course of failing to provide Plaintiff, and the Class and Seattle subclass members with a thirty-minute meal break for every five hours of work;

e. Whether Defendant has engaged in a common course of failing to ensure that Plaintiff, and the Class and Seattle subclass members have received the meal breaks to which they are entitled;

f. Whether Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff, and the Class and Seattle subclass members for all hours worked;

g. Whether Defendant has engaged in a common course of failing to pay Plaintiff, and the Class and Seattle subclass members all of the overtime wages to which they are entitled;

/ / /

/ / /

/ / /



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

h. Whether Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff, and the Class and Seattle subclass members.

i. Whether Defendant has engaged in a common course of making deductions and collecting rebates from the wages of Plaintiff and the Class members by requiring Plaintiff, and the Class and Seattle subclass members to incur employer expenses and failing to reimburse them.

j. Whether Defendant has engaged in a common course of failing to pay Plaintiff, and the Class and Seattle subclass members all the wages to which they are entitled;

k. Whether Defendant failed to keep true and accurate records of the hours worked, rates of pay, gross wages, and all deductions for each pay period for Plaintiff, and the Class and Seattle subclass members;

l. Whether Defendant failed to furnish itemized pay statements to Plaintiff, and the Class and Seattle subclass members;

m. Whether Defendant willfully deprived Plaintiff, and the Class and Seattle subclass members of the wages to which they were entitled;

n. Whether Defendant has violated RCW 49.12.020;

o. Whether Defendant has violated WAC 296-126-092;

p. Whether Defendant has violated RCW 49.46.130;

q. Whether Defendant has violated RCW 49.46.090;

r. Whether Defendant has violated RCW 49.46.210;

s. Whether Defendant has violated RCW 49.48.010;

t. Whether Defendant has violated WAC 296-128-620;

u. Whether Defendant has violated RCW 49.52.050;

v. Whether Defendant has violated SMC 14.20.20; and



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

w. The nature and extent of class-wide injury and the measure of compensation for such injury.

4.5 Typicality. Plaintiff's claims are typical of the claims of the members of the Class because Defendant employed Plaintiff as an hourly-paid or non-exempt employee in the State of Washington. The claims of Plaintiff, like the claims of the Class, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

4.6 Adequacy. Plaintiff will fairly and adequately protect the interests of the Class and Seattle subclass. Plaintiff has retained competent and capable attorneys who are experienced lawyers with significant experience in complex and class action litigation, including employment law. Plaintiff and their counsel are committed to prosecuting this action vigorously on behalf of the Class and Seattle subclass and have the financial resources to do so. Neither Plaintiff nor their counsel have interests that are contrary to or that conflict with those of the proposed Class and Seattle subclass.

4.7 Predominance. Defendant has engaged in a common course of wage and hour abuse toward Plaintiff and members of the Class and Seattle subclass. The common issues arising from this conduct that affect Plaintiff and members of the Class and Seattle subclass predominate over any individual issues.

4.8 Superiority. Plaintiff, and the Class and Seattle subclass members have suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. Absent a class action, however, most Class and Seattle subclass members likely would find the cost of litigating their claims prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

class action. The Class and Seattle subclass members are readily identifiable from Defendant's records.

## V. SUMMARY OF INDIVIDUAL FACTUAL ALLEGATIONS

5.1 Plaintiff experienced a variety of wage-and-hour violations while employed by Defendant, including, but not limited to: non-compliant meal and rest breaks, off-the-clock work, unpaid and underpaid overtime, sick leave violations, and personnel file violations.

5.2 Plaintiff was employed by MC Public Transportation, Inc., driving a shuttle bus with a wheelchair lift, driving individuals locally who could not drive themselves to medical appointments, to grocery stores, and other such locations.

5.3 Plaintiff made approximately 8-12 stops a day, and in addition to driving, would help carry groceries and other items for her passengers to their residences. Plaintiff was also required to secure wheelchairs and scooters on the vehicle

5.4 Plaintiff clocked in and out at the facility where the vehicle was kept at either the maintenance garage or employee area.

5.5 Defendant tracked its vehicle locations and speed of the vehicle at all times.

5.6 Failure to provide rest breaks. Defendant did not schedule rest breaks as part of the daily route, but placed the responsibility of rest breaks on Plaintiff, who could take rest breaks during natural gaps in the route, if any. However, when Defendant's dispatch team added passengers and stops, there were no gaps in the route and there were no ways to take breaks when stops were added, since passengers had to be picked up at the scheduled time. Plaintiff estimates that she was required to skip rest breaks or take them very late due to added passengers about twice a week.

5.7 Plaintiff marked what times she took rest breaks on the app.

/ / /

/ / /

/ / /



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.8 Plaintiff may not take a rest break while transporting passengers, nor when the vehicle is on the road. For example, on February 18, 2024, Plaintiff began her shift at 4:25am, and made several stops before Plaintiff's vehicle stalled at approximately 9:00am, while two passengers were on board. Plaintiff was unable to take a break until the passengers were safely put on another vehicle which did not occur until approximately 11:08am. Plaintiff was unable to take a fully relieved rest break due to the unexpected events until she returned to the Kent facility thereafter.

5.9 Plaintiff was not paid premiums for missing rest breaks or for rest breaks being late or interrupted.

5.10 Plaintiff was disciplined when she was late to pick up passengers, and because Defendant did not schedule her rest breaks, Plaintiff was forced to choose between being terminated or skipping rest breaks.

5.11 Defendant had actual knowledge of the facts set forth above. This is both because Plaintiff was in communication with dispatch when passengers were added to her route or when issues arose, and because she recorded the time of her rest breaks on a daily report that was reviewed by management.

5.12 <u>Failure to provide meal breaks.</u> Defendant scheduled meal breaks for approximately the middle of Plaintiff's shift.

5.13 Similar to her inability to take rest breaks on time or at all, Plaintiff was also unable to take meal breaks on time due to (1) added passengers or stops; (2) unexpected events such as vehicle troubles; and (3) when difficulties in loading or unloading passengers cause delays that pushed the entire schedule.

5.14 Plaintiff estimates that she was unable to take a meal break within the first five hours of her shift at least once a week, mostly due to routes being delayed. This included the pay period ending November 25, 2023, and the pay period ending February 16, 2024.

/ / /



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.15 Plaintiff also estimates that at least once a week, dispatch called her on her designated meal break to discuss updates and modifications to the remaining route.

5.16 Plaintiff never received a second meal break, even on shifts that extended beyond 10 hours.

5.17 Defendant had actual knowledge of the facts set forth above. This is both because Plaintiff was in communication with dispatch when passengers were added to her route or when issues arose, and because she recorded the time of her meal breaks on a daily report that was reviewed by management.

5.18 <u>Failure to pay minimum wages for all hours worked.</u> Plaintiff was not compensated for the time periods in which she was required to work on her meal break, such as communicating with dispatch and management regarding her route.

5.19 Plaintiff was also not compensated for minimum wages during times in which her time worked was not recorded by Defendant, including

5.20 Defendant had actual or constructive knowledge of the facts set forth above.

5.21 <u>Failure to pay all overtime wages due</u>. Defendant paid different rates for regular hours, such as training hours, or when raises were given, but overtime did not reflect all renumeration. For Plaintiff, this included the pay period ending February 2, 2024.

5.22 Defendant also failed to pay proper overtime wages each and every time that Plaintiff performed any work that went unrecorded, and therefore unpaid, and also worked more than forty hours in that week, including the unrecorded hours.

5.23 Defendant had actual or constructive knowledge of the facts set forth above, as management reviewed and approved timekeeping records each week.

5.24 <u>Failure to accrue and allow use of paid sick leave</u>. For each and every time that Plaintiff's time worked went unrecorded, her sick leave failed to accrue properly, resulting in an under accrual.

/ / /



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.25 Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff.

5.26 Defendant had actual or constructive knowledge of the facts set forth above.

5.27 Failure to pay all wages due at termination. Because Plaintiff was not paid for all hours worked, for premiums due to non-conforming meal and rest breaks, and for underpaid and unpaid overtime, Plaintiff was not paid all wages due to her at termination.

5.28 Defendant had actual or constructive knowledge of the facts set forth above.

5.29 Failure to maintain accurate payroll records. Under Washington law, an employer must keep and preserve payroll records that detail the "[h]ours worked each workday and total hours worked each workweek" and maintain those records for at least three years. WAC 296-128-010(6); WAC 296-126-050; *see also* RCW 49.46.0040(3), and SMC 14.020.030.

5.30 Plaintiff's payroll and timekeeping records are inaccurate because Defendant failed to capture all time worked by Plaintiff.

5.31 Defendant had actual or constructive knowledge of the facts set forth above.

## VI. SUMMARY OF CLASS WIDE FACTUAL ALLEGATIONS

6.1 Defendant has engaged in, and continues to engage in, a common course of wage and hour abuse against its hourly-paid or non-exempt employees in the state of Washington.

6.2 Failure to provide rest breaks. Defendant has engaged in a common course of failing to provide Plaintiff, and the Class and Seattle subclass members with a paid ten-minute rest break for every four hours of work.

6.3 Defendant has engaged in a common course of requiring or permitting Plaintiff, and the Class and Seattle subclass members to work more than three consecutive hours without a rest break.

/ / /



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

6.4 Defendant has engaged in a common course of failing to ensure Plaintiff, and the Class and Seattle subclass members have taken the rest breaks to which they are entitled.

6.5 Defendant has engaged in a common course of failing to provide Plaintiff, and the Class and Seattle subclass members with ten-minutes additional pay and/or time worked for each missed rest break.

6.6 Each time an hourly-paid or non-exempt employee misses a rest break, Defendant receive the benefit of ten minutes worked without paying for the time worked.

6.7 As a result of Defendant's common course of failing to provide proper rest breaks to Plaintiff, and the Class and Seattle subclass members, Defendant failed to maintain accurate records of hours worked by Plaintiff, and the Class and Seattle subclass members.

6.8 Defendant had actual or constructive knowledge of the facts set forth above.

6.9 <u>Failure to provide meal breaks.</u> Defendant has engaged in a common course of failing to provide Plaintiff, and the Class and Seattle subclass members with a thirty-minute meal break for every five hours of work.

6.10 Defendant has engaged in a common course of requiring or permitting Plaintiff, and the Class and Seattle subclass members to work more than five consecutive hours without a meal break.

6.11 Defendant has engaged in a common course of failing to ensure Plaintiff, and the Class and Seattle subclass members have received the meal breaks to which they are entitled.

6.12 Defendant has engaged in a common course of failing to ensure Plaintiff, and the Class and Seattle subclass members are fully relieved of all work duties during their meal breaks.

6.13 Defendant has engaged in a common course of failing to provide Plaintiff, and the Class and Seattle subclass members with thirty minutes additional pay and/or time worked for each missed meal break.



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

6.14 Defendant had actual or constructive knowledge of the facts set forth above.

6.15 Failure to pay minimum wages for all hours worked. Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff, and the Class and Seattle subclass members for all hours worked.

6.16 Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff, and the Class and Seattle subclass members for all hours worked by failing to provide Plaintiff, and the Class and Seattle subclass members with ten minutes additional pay and/or time worked for each missed rest break.

6.17 Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff, and the Class and Seattle subclass members for all hours worked by failing to provide Plaintiff, and the Class and Seattle subclass members with thirty minutes additional pay and/or time worked for each missed meal break.

6.18 Defendant had actual or constructive knowledge of the facts set forth above.

6.19 Failure to pay all overtime wages due. Defendant has engaged in a common course of failing to pay Plaintiff, and the Class and Seattle subclass members for all hours worked over forty in a week at a rate of not less than one and one-half times their regular rate of pay.

6.20 Defendant has engaged in a common course of failing to pay overtime wages to Plaintiff, and the Class and Seattle subclass members during workweeks in which missed rest break time extended the workweek beyond forty (40) hours.

6.21 Defendant has engaged in a common course of failing to pay overtime wages to Plaintiff, and the Class and Seattle subclass members during workweeks in which missed meal break time extended the workweek beyond forty (40) hours.

6.22 Defendant had actual or constructive knowledge of the facts set forth above.

/ / /

/ / /



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

6.23 Unlawful Deductions and Rebates. Defendant has engaged in a common course of making deductions and collecting rebates from the wages of Plaintiff, and the Class and Seattle subclass members.

6.24 Defendant has engaged in a common course of requiring Plaintiff, and the Class and Seattle subclass members to incur employer expenses and failing to reimburse them.

6.25 Defendant had actual or constructive knowledge of the facts set forth above.

6.26 Failure to accrue and allow use of paid sick leave. Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff, and the Class and Seattle subclass members.

6.27 Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff, and the Class and Seattle subclass members by failing to accrue paid sick leave for all hours worked by Plaintiff, and the Class and Seattle subclass members.

6.28 Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff, and the Class and Seattle subclass members by failing to accrue paid sick leave for each missed rest break.

6.29 Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff, and the Class and Seattle subclass members by failing to accrue paid sick leave for each missed meal break.

6.30 Defendant had actual or constructive knowledge of the facts set forth above.

6.31 Failure to pay all wages due at termination. Defendant has engaged in a common course of failing to pay Plaintiff, and the Class and Seattle subclass members all wages due at termination.

6.32 Defendant had actual or constructive knowledge of the facts set forth above.



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

6.33 Failure to maintain accurate payroll records. Under Washington law, an employer must keep and preserve payroll records that detail the "[h]ours worked each workday and total hours worked each workweek" and maintain those records for at least three years. WAC 296-128-010(6); WAC 296-126-050; *see also* RCW 49.46.0040(3), and SMC 14.020.030.

6.34 Defendant has engaged in a common course of failing to keep accurate records of the hours Plaintiff, and the Class and Seattle subclass members worked each day or the total hours they worked each week.

6.35 Defendant had actual or constructive knowledge of the facts set forth above.

## VII. FIRST CLAIM FOR RELIEF

**(Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Rest Periods)**

7.1 Plaintiff, and the Class and Seattle subclass reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

7.2 RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

7.3 RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

7.4 Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

7.5 WAC 296-126-092 provides that employees shall be allowed certain paid rest periods during their shifts.

/ / /



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

7.6 Under Washington law, Defendant has an obligation to provide employees with the rest breaks to which they are entitled.

7.7 Under Washington law, Defendant has an obligation to ensure that employees receive the rest breaks to which they are entitled.

7.8 Under Washington law, Defendant has an obligation to provide employees with ten minutes of additional pay for each missed rest break.

7.9 By the actions alleged above, Defendant has violated the provisions of RCW 49.12.020 and WAC 296-126-092.

7.10 As a result of the unlawful acts of Defendant, Plaintiff, and the Class and Seattle subclass members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff, and the Class and Seattle subclass members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## VIII. SECOND CLAIM FOR RELIEF

**(Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Meal Periods)**

8.1 Plaintiff, and the Class and Seattle subclass reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

8.2 RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

8.3 RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

/ / /



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

8.4 Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

8.5 WAC 296-126-092 provides that employees shall be allowed certain meal periods during their shifts.

8.6 Under Washington law, Defendant has an obligation to provide employees with the meal breaks to which they are entitled.

8.7 Under Washington law, Defendant has an obligation to ensure that employees receive the meal breaks to which they are entitled.

8.8 Under Washington law, Defendant has an obligation to provide employees with thirty minutes of additional pay for each missed meal break.

8.9 By the actions alleged above, Defendant has violated the provisions of RCW 49.12.020, and WAC 296-126-092.

8.10 As a result of the unlawful acts of Defendant, Plaintiff, and the Class and Seattle subclass members have been deprived of compensation in amounts to be determined at trial, and Plaintiff, and the Class and Seattle subclass members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

**IX. THIRD CLAIM FOR RELIEF**

**(Violation of RCW 49.46.130 — Failure to Pay Overtime Wages)**

9.1 Plaintiff, and the Class and Seattle subclass and incorporate by reference each and every allegation set forth in the preceding paragraphs.

9.2 RCW 49.46.130 provides that "no employer shall employ any of his or her employees for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he or she is employed."

9.3 By the actions alleged above, Defendant has violated the provision of RCW 49.46.130.



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

9.4 As a result of the unlawful acts of Defendant, Plaintiff, and the Class and Seattle subclass members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff, and the Class and Seattle subclass members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## X. FOURTH CLAIM FOR RELIEF

**(Violation of RCW 49.46.090 — Payment of Wages Less Than Entitled)**

10.1 Plaintiff, and the Class and Seattle subclass reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

10.2 Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act (WMWA). RCW 49.46.010 defines "wage" as "compensation due to an employee by reason of employment, payable in legal tender of the United States or checks on banks convertible into cash on demand at full face value, subject to such deductions, charges, or allowances as may be permitted by rules of the director."

10.3 By the actions alleged above, Defendant has violated the provisions of RCW 49.46.090.

10.4 As a result of the unlawful acts of Defendant, Plaintiff, and the Class and Seattle subclass members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff, and the Class and Seattle subclass members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

/ / /

/ / /

/ / /



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

## XI. FIFTH CLAIM FOR RELIEF

**(Violations of RCW 49.46.210 and WAC 296-128-620 – Failure to Accrue and Allow Use of Paid Sick Leave)**

11.1 Plaintiff, and the Class and Seattle subclass reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

11.2 The Washington Paid Safe and Sick Leave Act, RCW 49.46.210, and its implementing regulations WAC 296-128-620, require that employees accrue paid sick leave for all hours worked at a rate of at least one hour for every forty hours worked.

11.3 Pursuant to RCW 49.46.200, Defendant must compensate Plaintiff and the Class members at their regular and normal wages.

11.4 By the actions alleged above, Defendant has violated the provisions of RCW 49.46.210 and WAC 296-128-620.

11.5 As a result of the unlawful acts of Defendant, Plaintiff, and the Class members and Seattle subclass members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff, and the Class and Seattle subclass members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## XII. SIXTH CLAIM FOR RELIEF

**(Violation of RCW 49.48.010 – Failure to Pay All Wages Due at Termination)**

12.1 Plaintiff, and the Class and Seattle subclass reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

12.2 RCW 49.48.010 provides that "when any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him or her on account of his or her employment shall be paid to him or her at the end of the established pay period." The statute further states that it shall be unlawful for "any employer to withhold or divert any portion of an employee's wages."



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

12.3 By the actions alleged above, Defendant has violated the provisions of RCW 49.48.010.

12.4 As a result of the unlawful acts of Defendant, Plaintiff, and the Class and Seattle subclass members (but not all) who are no longer employed by Defendant have been deprived of compensation in amounts to be determined at trial, and Plaintiff, and the Class and Seattle subclass members who are no longer employed by Defendant are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

**XIII. SEVENTH CLAIM FOR RELIEF**

**(Violation of RCW 49.52.050 – Willful Refusal to Pay Wages)**

13.1 Plaintiff, and the Class and Seattle subclass reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

13.2 RCW 49.52.050(2) provides that any employer who "willfully and with intent to deprive the employee of any part of his or her wages, pays any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" is guilty of a misdemeanor.

13.3 Defendant's violations of RCW 49.12.020, WAC 296-126-092, RCW 49.46.090, RCW 49.46.130, and RCW 49.48.010 were willful and intentional, and constitute violations of RCW 49.52.050.

13.4 RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.

13.5 As a result of the willful, unlawful acts of Defendant, Plaintiff, and the Class and Seattle subclass members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff, and the Class and Seattle subclass members are entitled to recovery of twice such damages, including interest thereon, as well as attorneys' fees and costs under RCW 49.52.070.



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

## XIV. EIGHTH CLAIM FOR RELIEF

**(Violation of SMC 14.20.020 – Failure to Pay All Compensation Owed)**

14.1 Plaintiff, and the Class and Seattle subclass reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

14.2 SMC 14.20.020 provides that "[a]n employer shall pay all compensation owed to an employee by reason of employment on an established regular pay day at no longer than monthly payment intervals."

14.3 SMC 14.20.025 provides that each time compensation is paid, an employer shall give written notice to the employee of all hours worked and all deductions taken by the employer for that pay period.

14.4. SMC 14.20.30 provides that the employer must also retain payroll records that document all hours worked by each employee, including straight-time and overtime hours, and records of all deductions taken from the employee's wages each pay period.

14.5 SMC 14.20.045 provides that the failure of an employer to comply with any requirement imposed upon it under Chapter 14.20 ("Wage Theft Ordinance") constitutes a violation of the ordinance.

14.6 SMC 14.20.090(A) provides that "any person or class of persons that suffers financial injury as a result of a violation of [the Wage Theft Ordinance] . . . may be awarded reasonable attorney fees and costs and such legal or equitable relief as may be appropriate to remedy the violation including, without limitation, the payment of any unpaid compensation plus interest due to the person and liquidated damages in an additional amount of up to twice the unpaid compensation . . . ."

14.7 By the actions alleged above, Defendant has violated the provisions of SMC 14.20.020.

/ / /

/ / /



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

14.8 As a result of the unlawful acts of Defendant, Plaintiff, and the Class and Seattle subclass members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff, and the Class and Seattle subclass members are entitled to the recovery of such damages, including interest thereon, an additional amount of twice the unpaid compensation, and attorneys' fees and costs under SMC 14.20.090.

## XV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on their own behalf and on behalf of the members of the Class and Seattle subclass, pray for a judgment against Defendant, as follows:

A. Certify the proposed Class and Seattle subclass;

B. Appoint Plaintiff as Class representative;

C. Appoint the undersigned attorneys as Class counsel;

D. Declare that the actions complained of herein violate Washington law;

E. Award Plaintiff, and the Class and Seattle subclass members compensatory and exemplary damages;

F. Award attorneys' fees and costs to Plaintiff's attorneys, as allowed by law;

G. Award pre-judgment and post-judgment interest to Plaintiff, and the Class and Seattle subclass members, as provided by law;

/ / /

/ / /

/ / /



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259
www.JusticeLawCorp.com

H. Grant such other and further relief as this Court deems necessary.

RESPECTFULLY SUBMITTED AND DATED this 2nd day of October, 2026.

**JUSTICE LAW CORPORATION**

By: _/s/ Douglas Han_
Douglas Han, WSBA #59429
Email: dhan@justicelawcorp.com
_/s/ Shunt Tatavos-Gharajeh_
Shunt Tatavos-Gharajeh, WSBA #59424
Email: statavos@justicelawcorp.com
_/s/ April Rhéaume_
April Rhéaume, WSBA #57119
Email: arheaume@justicelawcorp.com
1215 4th Ave., Suite 1630
Seattle, Washington 98101
Telephone: (360) 207-0000
Facsimile: (818) 230-7259

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury under the laws of the State of Washington that, on the date stated below, I did the following:

On October 2, 2026, I mailed by regular U.S. Mail, postage prepaid a true copy of the below and sent a courtesy copy:

**FIRST AMENDED CLASS ACTION COMPLAINT FOR UNPAID WAGES**

in the above-entitled matter to:

Jason Harrington
jharrington@littler.com
**Legal Staff:**
Karen Fiumano Yun
kfiumano@littler.com
**LITTLER MENDELSON, P.C.**
600 University Street, Suite 3200
Seattle, WA 98101

**[X] By U.S. Mail**
**[X] By Electronic Mail**
**[X] By ECF**

*Attorney(s)* for Defendant MV Public Transportation, Inc.

Executed on October 2, 2026, at Seattle, Washington.

*/s/ Naomi Hailu*
Naomi Hailu



JUSTICE LAW CORPORATION
1215 4th Ave., Suite 1630
Seattle, Washington 98101
TEL. (360) 207-0000 • FAX (818) 230-7259